The relief described hereinbelow is SO ORDERED.

Signed July 07, 2011.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **SAMUEL LESLIE BLUMER and** | **Case No. 10-22424** |
| **REBECCA ANN BLUMER,** | **Chapter 13** |
| **Debtors.** | |

### MEMORANDUM OPINION AND ORDER
### DENYING CONFIRMATION OF AMENDED CHAPTER 13 PLAN

Confirmation of Debtors' Amended Chapter 13 plan is before the Court.[1] The Chapter 13 Trustee objects to Debtors' proposed amended plan because the plan does not commit all projected disposable income to unsecured creditors.[2] The issue is whether Chapter 13 debtors may deduct monthly mortgage payments related to a surrendered home under §707(b)(2)(A)(iii) as incorporated into §1325(b). The Court, having reviewed the relevant pleadings and having considered counsel's and the Trustee's arguments, finds the amended plan cannot be confirmed and orders Debtors to submit an amended Statement of Current Monthly Income and Calculation

---

[1] Doc. No. 31.
[2] Doc. No. 40.

11.07.06 Blumer.wpd

of Commitment Period and Disposable Income ("Form B22C") without the deductions and in conformity with this Order.

## Findings of Fact

Debtors filed for Chapter 13 relief on July 15, 2010. Debtors' Form B22C indicates they are above-median income debtors with $106,435 reported as their annualized income for a family of two. Debtors completed the disposable income calculation under §1325(b)(3) and reported negative monthly disposable income after taking deductions for two mortgages on their home. Debtors originally planned to retain their home; however, the mortgagee's proof of claim greatly exceeded Debtors' estimate. Prior to confirmation, Debtors amended their plan and proposed to surrender the home. Debtors did not amend their Form B22C. The Trustee argues Debtors have disposable income available to pay unsecured creditors if the payments for the surrendered home are removed from Debtors' budget.

## Conclusions of Law

Section 1325(b)(1)(B) requires debtors to commit their projected disposable income to pay unsecured creditors as of the effective date of the plan. For purposes of §1325(b), "disposable income" is defined as current monthly income ("CMI") less "amounts reasonably necessary to be expended."[3] Section 1325(b)(3) states "amounts reasonably necessary to be expended" shall be determined under § 707(b)(2)(A) and (B) if the debtor is an above-median income debtor.

Commonly referred to as the means test, §707 is also known as the "presumption of abuse test" in Chapter 7 cases. In Chapter 7, §707(b)(2) measures the debtor's financial

---

[3] 11 U.S.C. §1325(b)(2).

condition at the time of filing and presumptively determines whether the debtor qualifies for Chapter 7 relief. Because the presumption of abuse is determined as of the petition date, the subsequent surrender of collateral is inconsequential in Chapter 7.[4]

However, when §707(b)(2) is incorporated into §1325(b)(3), the "presumption of abuse test" becomes the "disposable income test" for Chapter 13 above-median income debtors. Thus, the impact of debtors surrendering collateral is materially different in the context of Chapter 13 because of the timing and purpose of applying the §707 means test. Section 1325(b)(1) applies the means test "as of the effective date of the plan." Rather than a snapshot of debtor's financial condition as of the petition date, the disposable income test addresses the debtor's financial condition as of the effective date of the plan. The effective date of the plan is the confirmation date – whether it be confirmation of the first plan filed at the case's commencement or a pre-confirmation amended plan. The purpose of the disposable income test is not to determine the debtor's initial eligibility for relief, but to presumptively determine an amount of disposable income to be committed to unsecured creditors during the plan's applicable commitment period. Thus, under §1325(b), disposable income is determined by applying §707(b)(2)(A) and (B) to the debtor's circumstances as they exist on the date of confirmation, rather than based on circumstances as they exist on the petition date.[5] Because the test is applied at a different time, payments on account of secured debts cannot include payments on account of surrendered

---

[4] *In re Walker,* 2006 WL 1314125, at *4 (Bankr. N.D. Ga. 2006); *see also In re Nockerts*, 357 B.R. 497 (Bankr. E.D. Wis. 2006); *In re Galyon,* 366 B.R. 164 (Bankr. W.D. Okla. 2007); *In re Hartwick*, 359 B.R. 16 (Bankr. D.N.H. 2007); *In re Hartwick,* 352 B.R. 867 (Bankr. D. Minn. 2006); *In re Palm*, 2007 WL 1772174 (Bankr. D. Kan.).

[5] *In re Crittendon*, 2006 WL 2547102 (Bankr. M.D.N.C. 2006); *In re Nockerts*, 357 B.R. at 504; *In re Edmunds,* 350 B.R. 636 (Bankr. D.S.C. 2006); *In re McPherson*, 350 B.R. 38 (Bankr. W.D. Va. 2006); *In re McGillis*, 370 B.R. 720 (Bankr. W.D. Mich. 2007).

collateral because those amounts will not be paid once a plan surrendering the collateral is confirmed.

Further, §1325(b)(2) requires debtor's expenses be "reasonably necessary" for debtor's support before the expense may be deducted from CMI.[6] Reasonably necessary expenses are those expenses which can be claimed as a §707(b)(2)(A) expense with the additional requirement the expense also be necessary for debtor's support during the applicable commitment period as of the effective date of the plan. Expenses avoided by surrendering property are not reasonably necessary for the debtor's support as of the effective date of the plan and will not meet this additional criteria.

Recent case law requires the Chapter 13 disposable income test be based on the forward-looking approach.[7] The Supreme Court has found "that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation."[8] Chapter 13 debtors may not deduct budget expenses they know they will not pay after confirmation.

In this case, Debtors have surrendered the house. The two mortgage note payments are not deductible because they will not be paid. These "phantom" secured debt payments are not reasonably necessary for the Debtors' support during the applicable commitment period.[9] Accordingly, Debtors may not deduct the payments on account of the secured debt for the

---

[6] This requirement is not present in Chapter 7.

[7] *Hamilton v. Lanning,* – U.S. –, 130 S. Ct. 2464 (2010); *Ransom v. FIA Card Services, N.A.,* – U.S. –, 131 S. Ct. 716 (2011); *In re Liehr,* 439 B.R. 179 (B.A.P. 10th Cir. 2010); *Darrohn v. Hildebrand,* 615 F.3d 470 (6th Cir. 2010).

[8] *Lanning,* 130 S. Ct. at 2478.

[9] *In re Liehr*, 439 B.R. 179; *Darrohn v. Hildebrand,* 615 F.3d 470; *In re Turner*, 574 F.3d 349 (7th Cir. 2009); however this interpretation is not without detractors, 8 COLLIER ON BANKRUPTCY ¶1325.11[4][c] at 1325-63 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011).

-4-

surrendered home on Form B22C.

## Conclusion

For the foregoing reasons, Debtors' amended plan cannot be confirmed because it is premised on an incorrect Form B22C and does not commit Debtors' projected disposable income to unsecured creditors. The Trustee's Objection to Confirmation is sustained. Debtors are allowed 45 days to file an amended plan and an amended Form B22C without the deductions for payments on account of surrendered collateral.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS